IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES ALLEN LONG                                                    PETITIONER


v.                         Case No. 5:05CV00222 JLH/JFF


LARRY NORRIS, Director,
Arkansas Department of Correction                          RESPONDENT


## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

Before the Court is the Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Magistrate Judge undersigned recommends that the petition be dismissed with prejudice.

In 2003, Petitioner was convicted of aggravated robbery and first-degree battery

after a jury trial in Pulaski County Circuit Court.  Petitioner was sentenced to thirty years imprisonment on the aggravated robbery conviction and fifteen years imprisonment on the first-degree battery conviction. The circuit court ran the sentences concurrently. Petitioner appealed his convictions to the Arkansas Court of Appeals.  For reversal, he contended that the trial court erred by granting the State's <u>Batson</u>[1] objection "because counsel for the State did nothing more than point out that defense counsel had used his peremptory challenges against white males." The Arkansas Court of Appeals declined to address the claim on the merits, finding that the claim was not preserved for appellate review because Petitioner failed to make a specific argument at the trial level regarding the way the trial court handled the <u>Batson</u> objection.  Accordingly, the Court affirmed the judgment of the circuit court. <u>Long v. State</u>, 2004 WL 2900362 (Ark.App. Dec. 15, 2004).

Petitioner subsequently filed a timely post-conviction petition in circuit court pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure.   He argued that he was denied effective assistance of counsel and due process of law.  On March 16, 2005, the circuit court denied Petitioner's Rule 37 petition.  Petitioner failed to file a timely notice of appeal from the denial.

On August 1, 2005, Petitioner filed his § 2254 petition in this Court.  As his sole ground for relief, Petitioner asserts that his conviction was obtained by the action of a petit jury which was unconstitutionally selected and impaneled. Specifically, he contends that the circuit judge erred in granting the State's <u>Batson</u> objection "because

---

[1]  <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986).

counsel for the State did nothing more than point out that defense counsel had used his peremptory challenges against white males."  In response to Petitioner's habeas petition, the Respondent asserts that Petitioner's <u>Batson</u> claim is procedurally barred.

"A federal district court is precluded from substantively considering a habeas corpus claim that a state court has disposed of on independent and adequate nonfederal grounds, including state procedural grounds." <u>Clemons v. Luebbers</u>, 381 F.3d 744, 750 (8th Cir. 2004); <u>Reagan v. Norris</u>, 279 F.3d 651, 656 (8th Cir. 2001). Where the state court dismisses a habeas petitioner's claims on independent and adequate state law grounds, the claims are procedurally defaulted, and a federal district court cannot consider them unless the petitioner can demonstrate cause for the default and actual prejudice, or show actual innocence. <u>Clemons</u>, 381 F.3d at 750; <u>Reagan</u>, 279 F.3d at 656.

The existence of cause "must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986).  At a minimum, a petitioner must show that something "*external* to [him], something that cannot be fairly attributed to him," caused the procedural default.  <u>Ivy v. Caspari</u>, 173 F.3d 1136, 1140 (8th Cir. 1999) (quoting <u>Coleman v. Thompson</u>, 501 U.S. 722, 753 (1991)).  For example, a showing that the factual or legal basis for the claim was not reasonably available to counsel, that some interference by officials made compliance impracticable, or that counsel's performance was constitutionally ineffective under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), would constitute factors external to the

defense and cause for a procedural default. Coleman, 501 U.S. at 753.  Where a prisoner has no constitutional right to an attorney, such as in state post-conviction proceedings, any attorney error that led to default cannot constitute cause to excuse the default in federal court. Id. at 757; Sweet v. Delo, 125 F.3d 1144, 1151 (8th Cir. 1997), cert. denied, 523 U.S. 1010 (1998). A narrow exception to the cause and prejudice standard exists where the petitioner can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. at 496.  To meet the actual innocence standard, a petitioner must present new reliable evidence not presented at trial and demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Schlup v. Delo, 513 U.S. 298, 324, 327 (1995); Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir.), cert. denied, 534 U.S. 963 (2001); Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995).

The Magistrate Judge finds that the Arkansas Court of Appeals disposed of Petitioner's Batson claim on independent and adequate state procedural grounds and that, therefore, the claim is procedurally defaulted.  As previously noted, the Arkansas Court of Appeals declined to address the claim on the merits, finding that the claim was not preserved for appellate review because Petitioner failed to make a specific argument at the trial level regarding the way the trial court handled the Batson objection.  Petitioner has not made allegations showing cause for his procedural default and actual prejudice. Furthermore, he has not presented new reliable evidence demonstrating that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.  Accordingly, the Magistrate Judge finds that

Petitioner's <u>Batson</u> claim is procedurally barred.

THEREFORE, the Magistrate Judge recommends that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed with prejudice.

Dated this 29th day of September, 2005.

_____
UNITED STATES MAGISTRATE JUDGE