**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JAMES ALLEN LONG                                                                                        PETITIONER

v.                                              NO. 5:05CV00222 JLH/JFF

LARRY NORRIS                                                                                             RESPONDENT

**OPINION AND ORDER**

  James Allen Long brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The United States Magistrate has entered his proposed findings and recommendations (Docket #9). Long has entered his objections to the Magistrate's findings (Docket #11). Because Long has not exhausted his state court remedies, his petition for writ of habeas corpus is denied.

  On June 12, 2003, Long was convicted of one count of aggravated robbery and one count of battery in the Circuit Court of Pulaski County. Long appealed his conviction, and the Arkansas Court of Appeals affirmed Long's conviction. Long did not seek discretionary review by the Arkansas Supreme Court under Ark. Sup. Ct. R. 1-2. Long then filed a petition for post-conviction relief pursuant to Ark. R. Crim. P. 37.1. When Long's petition was denied by the Circuit Court of Pulaski County on March 16, 2005, Long did not file his notice of appeal within 30 days after the judgment as required by Ark. R. Crim. App. P. 2(a)(4). Subsequently, Long filed this federal habeas petition.

  Federal habeas relief is available to a petitioner after he "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To exhaust an available state post-conviction remedy, the petitioner must "use the State's established appellate review procedures."

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1733, 144 L. Ed. 2d 1 (1999).  When a state court remedy is available for a state prisoner's unexhausted claim, the federal habeas court must defer action until the claim is exhausted by dismissing the federal petition without prejudice. *Armstrong v. State of Iowa*, 418 F.3d 924, 926 (8th Cir. 2005).  Long's failure to appeal the denial of state post-conviction relief was a failure to exhaust the claims that were raised or that should have been raised in the state court petition.  *Id*.  Under Ark. R. Crim. App. P. 2(e), a petitioner who has failed to file a timely notice of appeal can still apply for review by the Arkansas Supreme Court within eighteen months of the entry of the order denying post-conviction relief.  Because a state court remedy is still available to Long, Long's petition is dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Long's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed without prejudice.

IT IS SO ORDERED this  25th  day of October, 2005.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE